## THE MINERVA.

(District Court, E. D. Pennsylvania. May 9, 1924.)

No. 127.

**Collision ⎈⇒74—Evidence held not to show negligent towing and placing of coal lighter.**

> In libel in rem against steam tug to recover damages due to alleged negligent towing and placing a section of a coal lighter in such close proximity that, when tide fell, lighter section floated down and caused damage to libelant's lighter, evidence *held* not to sustain allegations of negligence.

In Admiralty. Libel in rem by Anna E. Gormley, executrix of the estate of George W. Gormley, deceased, against the steam tug Minerva. Libel dismissed.

Willard M. Harris, of Philadelphia, Pa., for libelant.
Howard M. Long, of Philadelphia, Pa., for claimant.

THOMPSON, District Judge. The libelant filed a libel in rem as executrix of the estate of George W. Gormley, deceased, owner of the deck lighter Bryant, against the steam tug Minerva, owned by William J. Donaldson, claimant, to recover damages alleged to have been caused through negligently towing and negligently placing a section of a coal lighter owned by the claimant in such dangerously close proximity to the Bryant that, when the tide fell, Donaldson's lighter section floated down on the Bryant, causing serious damage thereto.

From the testimony it appears that the libelant's tug had towed the Bryant to the Noecker & Ake shipbuilding plant at Cramer Hill, Camden, N. J., where the lighter was properly and securely moored at a dock of the shipbuilding yard and out of the navigable channel. The Bryant was taken to the shipyard to have a cleat replaced and a plank on the starboard side renewed. The superintendent of the shipyard, finding that the bow section of Donaldson's lighter was water-logged, subsequently had the Bryant towed farther up the river onto the beach, alongside of other boats, and moored her there. The claimant's tug Minerva on July 21 moved the water-logged bow section of Donaldson's lighter about 100 feet up the river, pushed her up on the mud, and made her properly fast with two 5-inch lines on each end to the Cramer Hill wharf. The Bryant was then lying about 75 feet down the river from the section. Subsequently the Donaldson section was discovered in a position underneath the Bryant, lifting it out of the water. While it is testified that the Bryant was injured and would require extensive repairs, no repairs had been made to the Bryant up to the time of trial.

There is no proof to sustain the allegation of the accident being caused by negligent and improper towing. When, however, the Minerva undertook to move Donaldson's coal boat section, it was incumbent upon her to see that the section was properly moored. There was no attempt on the part of the libelant to prove improper mooring, except by the fact of the collision. Whatever burden is placed upon the claimant

⎈⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of showing that, when the section was pushed upon the beach, she was securely moored, has, I think, been met. The master of the Minerva testified to making her fast with two 5-inch lines to the end of the Cramer Hill wharf. He testifies that this was done under his direction. The chief engineer testified to the same effect, and that she was made fast by two of the firemen on the Minerva. The libel in this case was not filed against the section which broke loose, nor against its owner, who was also owner of the tug.

In my opinion, it has been sufficiently established that, at the completion of the Minerva's towage service, the section was properly and securely moored, and no cause of action has been sustained against her.

The libel will therefore be dismissed, at the libelant's costs.